# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Kellogg Brown & Root Services, Inc. ) | ASBCA No. 58583 |
| ) | |
| Under Contract No. DAAA09-02-D-0007 ) | |

APPEARANCES FOR THE APPELLANT:   Jason N. Workmaster, Esq.
John E. Hall, Esq.
Raymond B. Biagini, Esq.
Herbert L. Fenster, Esq.
Alejandro L. Sarria, Esq.
  Covington & Burling LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
  Army Chief Trial Attorney
ChristinaLynn E. McCoy, Esq.
MAJ Lawrence Gilbert, JA
CPT Anthony Lenze, JA
MAJ James W. Nelson, JA
  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN
## ON THE GOVERNMENT'S MOTION TO DISMISS

On 4 June 2013, the government filed a motion to dismiss ASBCA No. 58583[1] for lack of jurisdiction. Appellant Kellogg Brown & Root Services, Inc. (KBRS) opposes. We deny the motion.

In ASBCA No. 58583, KBRS appeals the contracting officer's (CO's) deemed denial of a claim for breach of contract submitted to the CO on 29 September 2011. KBRS alleges that the government breached its contractual obligation to provide adequate force protection to KBRS and its subcontractors performing contract services in support of the war effort in Iraq. For further factual background, see our opinion in *Kellogg Brown & Root Services, Inc.*, ASBCA No. 56358 *et al.*, 14-1 BCA ¶ 35,639,

---

[1] While ASBCA No. 58583 is consolidated with ASBCA Nos. 56358, 57151 and 57327 the motion applies only to ASBCA No. 58583.

*aff'd, rev'd in part, vacated in part, and remanded, McHugh v. Kellogg Brown & Root Services, Inc.*, 2015 U.S. App. LEXIS 16513 (Fed. Cir. Sept. 15, 2015).

The primary ground for dismissal advanced by the government in its motion was that the claim underlying this appeal had been filed outside the six-year statute of limitations contained in the Contract Disputes Act (CDA), 41 U.S.C. § 7103(a)(4)(A). Additionally, the government argued that KBRS has not asserted a claim on behalf of its subcontractors "as a matter of right" pursuant to FAR 33.201[2], that its claim does not give the CO adequate notice of the basis for its claim, and that the claim must fail since adequate remedies were available under the contract. The government's motion was opposed by KBRS. The Board subsequently stayed further proceedings in this appeal pending judicial review of its decision cited above.

While the government's motion to dismiss was pending, the United States Court of Appeals for the Federal Circuit issued its decision in *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315 (Fed. Cir. 2014). The court in *Sikorsky* applied the Supreme Court's decision in *Sebelius v. Auburn Regional Medical Center*, 133 S. Ct. 817 (2013), which articulated a more stringent test for determining whether statutory time limits are jurisdictional, to determine that the six-year limitations period in the CDA is not jurisdictional. *Sikorsky*, 773 F.3d at 1320-22. This Board has subsequently denied motions to dismiss for lack of jurisdiction that are based on the CDA limitations period. *See, e.g., Al Nawars Co.*, ASBCA Nos. 59043, 59044, 15-1 BCA ¶ 35,955; *Combat Support Associates*, ASBCA Nos. 58945, 58946, 15-1 BCA ¶ 35,923. The government may still assert that KBRS's claim is time-barred as an affirmative defense, but bears the burden of proof on the issue. *Alion Science and Technology Corporation*, ASBCA No. 58992, 15-1 BCA ¶ 36,168.

The remainder of the government's arguments that the Board lacks jurisdiction of KBRS's breach claim are unpersuasive. KBRS's 29 September 2011 claim submittal clearly apprised the CO that its breach claim was based on the Army's failure to provide the force protection required of it by the contract, entitling KBRS and its subcontractors as a matter of right to mitigate their damages by hiring private security companies. Nor does the Army's assertion regarding the adequacy of contract remedies operate as a bar to our jurisdiction.

---

[2] At the time the contract was awarded, the FAR definition of "claim" was found at FAR 33.201. It is now found at FAR 2.101.

## DECISION

For the reasons stated, the government's motion to dismiss ASBCA No. 58583 for lack of jurisdiction is denied.

Dated: 19 January 2016

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58583, Appeal of Kellogg Brown & Root Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3